IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABRAHIM FATA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-4861 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | : | |
|     Defendants. | : | |

MEMORANDUM

**GOLDBERG, J.**                                                                                                                                                                              **APRIL 23, 2025**

        Plaintiff Abrahim Fata, a prisoner currently incarcerated at Lehigh County Jail, brings this *pro se* civil action against numerous Defendants alleging that he was "unreasonably sentenced" following a January 2024 Gagnon II hearing. (ECF No. 2 ("Compl.") at 4.) Fata also filed a Motion to Compel a Discovery Response, a Motion for Judgment, and a Motion to Produce Audio Recordings of Court Hearings. (*See* ECF Nos. 21-23.) For the following reasons, the Court will dismiss his Complaint and deny his outstanding motions.

**I.      FACTUAL ALLEGATIONS**[1]

        The gravaman of Fata's Complaint is that he was "unreasonably sentenced" following a Gagnon II hearing on January 16, 2024 after he conceded to violating the terms of his probation in relation to his Lehigh County Court of Common Pleas ("Lehigh CCP") criminal case,

---

[1] The following allegations are taken from the Complaint, the attachments thereto, and publicly available records of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim). To afford Fata the most liberal construction of his claims, the Court considered the entire record of Fata's filings in this case, including, *inter alia*, his October 15, 2024 case correspondence and attached exhibits (*see* ECF No. 6) and his January 2, 2025 case correspondence and attached exhibits (*see* ECF Nos. 26, 29-30). The Court adopts the pagination supplied by the CM/ECF docketing system.

*Commonwealth v. Fata*, CP-39-CR-00004857-2017 (C.P. Lehigh).  Fata has named the following Defendants:  (1) the Commonwealth of Pennsylvania, County of Lehigh; (2) Supervisor Jason Willis, Lehigh Valley Pretrial Services, Inc.; (3) Garrett Hall, Lehigh County Probation Office; (4) Kelsey Krempasky, Lehigh County Probation Office; (5) Robert Sletvold, Lehigh County Public Defender's Office; (6) Jill Herschman, Lehigh County Clerk of Judicial Records; and (7) Brenda I. Sabastro, Lehigh County Court Room Monitor.  (Compl. at 1.)

On June 5, 2018, Fata pled guilty to one count of stalking in violation of 18 Pa. C.S. § 2709.1(a)(2) and was sentenced to a term of eight to twenty-three months imprisonment to be followed by a three-year term of probation.  *See Fata*, CP-39-CR-00004857-2017; *see also* ECF No. 6 at 15.  On August 26, 2020, Fata's parole was revoked after a finding that he had violated the terms of his release.  *Fata*, CP-39-CR-00004857-2017.  He was remanded to the Lehigh County Jail to serve the balance of his sentence with eligibility for reparole, and he was resentenced to three years of probation consecutive to his jail sentence.  *Id.*  Fata was paroled on January 25, 2021.  *Id.*

On August 3, 2022, Fata was arrested in Pike County on a charge of resisting arrest in violation of 18 Pa. C.S. §5104.  *See Commonwealth v. Fata*, CP-52-CR-0000679-2022 (C.P. Pike).  Fata pled guilty to the resisting arrest charge on June 29, 2023 and was later sentenced to a maximum term of six months of probation.  *Id.*  The Pike County conviction constituted a violation of his Lehigh County probation.  (*See* ECF No. 6 at 3, 16.)

On January 16, 2024, a Gagnon II hearing was held before Lehigh CCP Judge Douglas G. Reichley.  *See Fata*, CP-39-CR-00004857-2017; *see also* ECF No. 6 at 16, 31.  Defendant Garrett Hall recommended that Fata's probation be revoked, and that Fata be resentenced to a term of imprisonment of eleven to twenty-three months.  (ECF No. 6 at 16.)  Although Fata

2

conceded to the violation allegations, he objected to the eleven-month minimum, and Judge Reichley imposed a sentence of nine to twenty-three months imprisonment in Lehigh County Jail. *See Fata*, CP-39-CR-00004857-2017; *see also* ECF No. 6 at 16-17, 32-34; ECF No. 26 at 8.

On July 11, 2024, Fata was denied early parole by Lehigh CCP Judge Thomas M. Caffrey. *See Fata*, CP-39-CR-00004857-2017. The state court docket reflects that Fata has requested release on numerous occasions – by filing a petition for habeas corpus on August 29, 2024 (denied September 18, 2024), by filing motions for immediate release to the Allentown Rescue Shelter on October 3, 2024 and October 24, 2024 (denied October 23, 2024 and November 20, 2024, respectively), by filing petitions for time credit calculations on August 30, 2024 and December 31, 2024 (denied October 1, 2024 and February 3, 2025, respectively) – and all of his requests for release have been denied. *Id.*

In his instant Complaint, Fata avers that the sentence imposed on January 16, 2024 is "unreasonable," and he contends that Defendant Kelsey Krempasky told him that she would "vouch for no jail time." (Compl. at 2, 4.) Fata avers that Hall "lied" during the Gagnon II hearing by stating that Fata did not take his mental health seriously. (*Id.* at 3.) He also claims that Hall "slander[ed] his name and character" by telling Judge Reichley that Fata had stalked a minor. (*Id.* at 4.) Fata reported both of his probation officers – Krempasky and Hall – to the "chief" on July 25, 2024. (*Id.* at 5.)

Fata petitioned for a "time credit calculation" and although Defendant Jill Herschman told him that his time served was corrected, Fata disputes the calculation. (*Id.* at 3, 4-5.) Fata reported Hershman to the Judicial Conduct Board. (*Id.* at 5.) Fata sought reconsideration of his sentence and filed multiple appeals in state court, all of which were unsuccessful. (*Id.* at 4-5; *see*

3

also *Fata*, CP-39-CR-00004857-2017.) He avers that his defense attorney, Defendant Robert Sletvold, submitted an "incorrect statement" in connection with his appeal, and Fata "successfully fired" Sletvold on July 11, 2024. (Compl. at 5.) Fata reported Sletvold to the disciplinary board. (*Id.*)

As the basis for his claims, Fata identifies more than seventy criminal and civil rights statutes, both state and federal, in list form. (*Id.* at 6-11.) These statutes reference almost every crime imaginable, including, *inter alia*, conspiracy, slavery and involuntary servitude, RICO, maritime assaults, extortion, computer fraud, obstruction of justice, trafficking, perjury, interference with commerce, kidnapping, forgery, obstructing governmental operations, and corruption of a minor. (*Id.*) Fata also asserts, without further explanation, that his rights under the First, Fourth, Sixth, Eighth, Ninth, and Fourteenth Amendment to the United States Constitution have been violated. (*Id.* at 7.) He cites *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), and he invokes more than ten different state law claims including negligence, defamation, assault, battery, and abuse of process, again without further explanation. (*Id.* at 6.) Finally, he claims that more than fifteen Rules of Professional and Judicial Conduct have been violated. (*Id.* at 11-12.) Fata seeks monetary damages "for every day spent incarcerated" to compensate him and his children. (*Id.* at 13.)

## II.    STANDARD OF REVIEW

Since Fata is proceeding *in forma pauperis* (ECF No. 27), his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

4

Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Fata's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim."  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Fata is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and "apply the applicable law, irrespective of whether the pro se litigant mentioned it be name," *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.    DISCUSSION

#### A.    Claims Brought on Behalf of Others

Fata is, in part, attempting to bring claims on behalf of his children.  (Compl. at 1, 13.)  Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by

5

counsel" in the federal courts.  Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))).  Although an individual may represent herself *pro se*, a non-attorney may not represent other parties in federal court.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim.  *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)).  For these reasons, any claims that Fata brings on behalf of his children must be dismissed without prejudice for lack of standing. *See, e.g.*, *Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal).

      **B.**    **Fata's Claims Are Not Cognizable**

Fata's claims are based on allegations that he was "unreasonably sentenced" for his probation violation.  Because Fata seeks damages in connection with the revocation of his probation or denial of parole, his claims are not cognizable in a civil rights action at this time.  That is because, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

The doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation revocations. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (affirming district court's dismissal of the case because a finding for plaintiff on his § 1983 claims against the parole officer would necessarily demonstrate the invalidity of the revocation decision, which had not been rendered invalid); *see, e.g., Williams v. Barkley*, 616 F. App'x 484, 485 (3d Cir. 2015) (*per curiam*) (affirming dismissal of § 1983 claims based on argument that extension of original sentence after parole violation violated double jeopardy rights and stating that claims were barred under *Heck*); *Garrett v. United States*, 771 F. App'x 139, 140-41 (3d Cir. 2019) (*per curiam*) (affirming dismissal of § 1983 claim that "an excessive sentence was imposed based on an erroneous application of the sentencing guidelines" as barred by *Heck*); *McKinney v. Pennsylvania Bd. of Prob. & Parole*, 405 F. App'x. 646, 647 (3d Cir. 2010) (holding that the plaintiff's claims that he had been imprisoned beyond the maximum terms of his sentences for state convictions and parole violations and that the defendants violated his rights by failing to conduct a parole revocation or parole hearing and continued to detain him were barred by *Heck* "because success on his claims would necessarily imply the invalidity of the fact and the duration of his state confinement, which have not been elsewhere invalidated");

7

*Worthy v. N.J. State Parole Board*, 184 F. App'x. 262, 264 & 266 (3d Cir. 2006) (affirming dismissal of claims arising from parole revocation proceedings for damages and declaratory relief based on *Heck*).

Also, Fata's claim regarding the use of false or defamatory statements against him by Hall during the probation revocation proceeding fails because it would "necessarily demonstrate the invalidity of the . . . decision" to revoke his probation. *Williams*, 453 F.3d at 177. Fata's conviction and sentence have not been reversed on appeal, vacated, or otherwise invalidated. *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983[.]"); *see also White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997) (concluding that § 1983 claim based on revocation of parole was barred by *Heck*; "[a] favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [plaintiff's] parole and ordering him back to prison. Heck therefore applies, and the § 1983 action is not cognizable in a federal court").

Further, to the extent Fata seeks to challenge the constitutionality of his probation violation conviction and sentence in federal court, such relief is only available to him in a *habeas* action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole."). If Fata successfully invalidates his conviction, then and only then would any related damages claims be cognizable.

### IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint without prejudice to Fata challenging the revocation of his probation and related imprisonment in a *habeas* proceeding or filing a new civil rights complaint only in the event his conviction is reversed, vacated, or otherwise invalidated.  *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice).  Leave to amend will not be given at this time because the Court concludes that amendment would be futile.[2]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).  His motions will be denied.  An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

[2] On January 21, 2025, Fata filed a "Statement of Claim" indicating that he sought to add a claim and two additional Defendants to this case. (*See* ECF No. 26 at 1.)  The allegations in this filing pertain to Fata's failed efforts to secure early parole and his unsuccessful attempts to obtain a suitable home plan. (*Id.* at 2-3.)  Because the claims Fata seeks to add are also barred by *Heck*, leave to amend is futile.  *See McKinney*, 405 F. App'x. at 647.